535 F.2d 1253
 76-1 USTC P 9388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cobo Cleaners, Inc., a Michigan Corporation, Earl Ruby, and
Margie Ruby, Plaintiff-Appellant,
v.
United States of America, Defendant-Appellee.
 No. 75-1924.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1976.
 
 Before CELEBREZZE, PECK and ENGEL, Circuit Judges.
 
 Order
 
 1
 Appellants are seeking to recover $27,809.12 in income taxes which they paid in 1967-1969. The Commissioner determined that income was improperly allocated to one of two corporations owned by Earl Ruby and George Marcus and redetermined Appellants' taxes accordingly. The District Court upheld the Commissioner's determination. In 1965 Ruby and Marcus owned Cobo Cleaners, Inc., and had an agreement with J.L. Hudson Co. to operate a dry cleaning business over the counter at three of Hudson's department stores in the Detroit area. In 1966 Ruby and Marcus formed a second corporation, Cobo-Rumar, Inc. After incorporation Ruby and Marcus transferred, without consideration, the rights to the Hudson contract to Cobo-Rumar, Inc.
 
 
 2
 The District Court found that although Cobo-Rumar maintained a separate set of books, it was operated on the same premises as Cobo Cleaners had maintained in the Hudson stores. The court further found that customers would bring their dry cleaning to the counters at the stores and the clothes would be transported by Cobo Cleaners trucks to a Cobo Cleaners plant to be cleaned and then returned to the stores to be picked up by the customers. Cobo-Rumar owned no property. Appellants claim that it performed the sales and over-the-counter pick-up functions of the business and by virtue of that earned part of the income for tax purposes. The District Court found that the counter personnel were employees of Hudson's.
 
 
 3
 Section 482 gives the Commissioner broad discretion:
 
 
 4
 Sec. 482. Allocation of income and deductions among taxpayers.
 
 
 5
 In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Secretary or his delegate may distribute, apportion, or allocate gross income, deductions, credits, or allowances between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses. Aug. 16, 1954, c. 736, 68A Stat. 162.
 
 
 6
 Based upon the above enumerated findings of fact, the District Court concluded that the Commission did not abuse his discretion in reallocating income between the two corporations. A review of the record demonstrates that the District Court's findings are supported by sufficient evidence and are not clearly erroneous.
 
 
 7
 It is therefore ORDERED that the judgment of the District Court be, and hereby is, affirmed.